IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LUIS MORGAN, | ) ) ) |
| Movant, | ) ) Civil No. 11-01105-CV-W-NKL-P |
| v. | ) ) ) |
| UNITED STATES OF AMERICA | ) ) ) |
| Respondent | ) ) |

**ORDER**

Before the Court is movant Luis Morgan's *pro se* motion to vacate, set aside or correct his sentence [Doc. # 1], pursuant to 28 U.S.C. § 2255. The Court denies the motion for the reasons outlined below.

**I.     Background**

On February 9, 2009, a jury found Luis Morgan guilty of one count of conspiracy to distribute cocaine. On June 25, 2009, Morgan was sentenced to 135 months' imprisonment. Morgan appealed on several grounds to the Eighth Circuit Court of Appeals. *United States v. Morgan*, 397 Fed. Appx. 281 (8th Cir. 2010). Morgan's counsel moved to withdraw and filed an *Anders* brief. On October 25, 2010, the Eighth Circuit affirmed the district court's judgment and granted counsel's motion to withdraw.

*Id.* At 283. On October 24, 2011, Morgan filed this motion to vacate his conviction and sentence.

## II.     Discussion and Analysis

Morgan claims his court-appointed counsel, pre-trial counsel Tony R. Miller and trial counsel Ronald Partee, provided ineffective assistance. [Doc. # 1 at 12]. To prevail in showing ineffective assistance of counsel, Morgan must first prove that counsel's performance was objectively deficient, and, second, that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to satisfy both prongs is fatal to the claim. *Morales v. Ault*, 476 F.3d 545, 551 n.4 (8th Cir. 2007).

To determine whether trial counsel's performance was deficient, "the Court must apply an objective standard to determine whether, in light of all the circumstances, the identified acts or commissions were outside the wide range of professionally competent assistance…while….refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Lawrence v. Armontrout,* 961 F.2d 113, 115 (8th Cir. 1992) (quoting *Strickland*, 46 U.S. at 689, 690). "[A] strong presumption [exists] that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Even if defense counsel's performance is found to be deficient, the conviction will not be set aside unless "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (movant cannot prove prejudice if there is no reasonable probability that the motion would have been successful).

### A. Tony R. Miller

Morgan asserts he suffered prejudice as a result of Miller's alleged failure 1) to rigorously cross-examine government witnesses at the suppression hearing, and 2) to move to sequester one government witness during another government witness's testimony. [Doc. #1 at 12].

First, Morgan claims he suffered prejudice when Miller failed to rigorously cross-examine West and Branner about whether Morgan had received his *Miranda* rights or if Morgan had a limited understanding of English. [Doc. # 1 at 11-12.] However, Miller did ask questions concerning these issues. For example, while cross-examining TFO Branner, Miller asked the officer, "And is it possible that you undertook this [Miranda] warning or read him this warning after you had already debriefed him?" [Doc. # 6 at 12]. Miller also asked additional questions regarding the officer's memory of the events and implied that the officer's recollection of the arrest may not be accurate. [Doc. # 6 at 12].

Additionally, while cross-examining TFO West, Miller asked if West "was aware of Mr. Morgan using Spanish at any time during the investigation." [Doc. # 6 at 12]. Further, the court inquired directly about Morgan's English language skills. After direct examination of the two officers and the court's inquiry, Morgan's claim that he had limited understanding of English was undermined. Accordingly, since the overwhelming evidence showed that Morgan could speak and understand English, Miller was not ineffective in representing Morgan when Miller did not inquire further on the issue. *See Cagle v. Norris*, 474 F.3d 1090, 1097 (8th Cir. 2007) (counsel's failure to present expert testimony regarding evidence of victim's drug usage was reasonable trial strategy where

there was overwhelming evidence that victim appeared normal at time of crime).

Morgan also claims that Miller failed to engage in adequate questioning of Branner and West because he was "friends and schoolmates" with the two officers. Prejudice is presumed when counsel is burdened by an actual conflict of interest. *See Strickland*, 466 U.S. at 692; *see also Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). In the present case, Branner supplied an affidavit denying that he had any prior relationship with Miller. However, even if Miller did have some prior association with Branner and West, Morgan provides no evidence that such relationships constitute a genuine conflict of interest or even had any specific effect on Miller's ability to represent Morgan in his criminal case.

Finally, Morgan claims that he suffered prejudice because Miller failed to move the Court to sequester TFO West during TFO Branner's testimony. Federal Rule of Evidence 615, commonly referred to as "The Rule on Witnesses," provides that

> At [a party's] request…the court shall order witnesses excluded so that they cannot hear testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of… (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney…

Fed. R. Evid. 615(1-2). The exception in Rule 615(2) has been interpreted to allow government case agents to sit at counsel table throughout the trial. *United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992). There is no requirement that this rule be invoked; instead, it is left to the trial court's discretion. *Id.* Morgan argues he was prejudiced by TFO West's presence in the courtroom because the "possibility of detecting dishonesty or conflict between the officers' testimonies was greatly diminished when TFO West was

allowed to remain in the courtroom unchallenged" and that "but for West's presence in the courtroom, the result of the hearing on the motion to suppress may have been different." [Doc. # 8 at 11].

Even assuming that Miller should have asked the court to exclude TFO West from the courtroom, an error by counsel (even if professionally unreasonable) does not warrant setting aside judgment in a criminal proceeding if the error had no effect on the judgment. *Strickland v. Washington*, 466 U.S. 668 (1984). The purpose of excluding a witness from the courtroom while another testifies is to prevent one witness from potentially being taught by the other's testimony. 6 Wigmore on Evidence § 1837. However, the differences between the two officers' testimony indicate that such a concern did not materialize in this case. First, TFO West actually corrected TFO Branner's testimony by indicating that he read the indictment to Morgan while the local police removed Morgan from his car. (Supp. Tr. 23). Second, West's testimony differed from Branner's in that West provided additional testimony regarding his earlier involvement in the investigation. (Supp. Tr. 24-25). Since conflict between the two officers' testimonies was evident, Morgan has not shown that bias or prejudice resulted from the failure of Miller to request sequestration.

**B.     Ronald Partee**

Morgan alleges that Partee failed to object to the amount of cocaine used to calculate Morgan's base offense level and to rigorously cross-examine Raymond Sparks. In his reply, Morgan also belatedly claims that Partee failed to renew a motion for severance and failed to ask the court to instruct the jury on multiple conspiracies. [Doc. #

8 at 4-5].

First, Morgan alleges that Partee failed to object to the amount of cocaine attributed to Morgan and used to calculate Morgan's base offense level. Counsel may afford ineffective assistance by failing to object at sentencing. *See United States v. Ford,* 918 F.2d 1343, 1350 (8th Cir.1990) (holding defendant received ineffective assistance where counsel did not object to base offense level and Sentencing Commission had amended guidelines between preparation of the presentence report and sentencing). However, defendant's counsel is not obligated to make an objection without basis in law or fact to the base offense level. *See Carter v. Hopkins*, 92 F.3d 666, 671 (8th Cir. 1996) (counsel is not required to make meritless arguments). The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed [at] the time of counsel's conduct." *Strickland,* 466 U.S. at 690.

In *United States v. Ford*, Ford's trial counsel's failure to object to a base offense level at the sentencing hearing constituted ineffective assistance of counsel because it was possible the level would have been modified to lower defendant's sentence for distributing drugs by over three years. 918 F.2d at 1343, 1350. Unlike *Ford*, no credible evidence here points to the conclusion that the district court would have changed its ruling based on counsel's objection. *Id.*; *see Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). At Morgan's sentencing, Partee acknowledged that overwhelming evidence at trial established Morgan's involvement in a multi-defendant cocaine conspiracy. [Doc. # 6 at 8]. This evidence included recorded telephone conversations between Morgan and co-defendant Raymond Sparks as they discussed drug quantities and sales. *Id.* (citing T. Tr.

II at 236, 237-38). Where trial testimony also established that Morgan was involved in distributing 109.5 kilograms of cocaine over the conspiracy time period, Partee was not required to make an argument which would fail based on witness testimony and instructions given to the jury regarding the law. *Id.* at 9; s*ee Carter*, 92 F.3d at 671. Thus, it cannot be said that counsel's failure to object prejudiced Morgan. *Id.*; *see York v. Lockhart,* 856 F.2d 61, 63-64 (8th Cir.1988), *cert. denied,* 490 U.S. 1026 (1989).

Second, Morgan asserts that Partee failed to rigorously cross-examine Raymond Sparks by failing to "pounce on" discrepancies between Sparks' trial testimony and two prior statements Sparks made to police. [Doc. # 6 at 6]. However, the trial transcript contradicts this claim, showing that Partee questioned Sparks about the discrepancies, even asking him to read aloud one of his prior inconsistent statements. [Doc. # 6 at 6]. Morgan also states that "it is obvious…Sparks lied to secure a deal with the Government." [Doc. # 6 at 7]. However, Partee did address this issue in his cross-examination of Sparks, questioning Sparks about his prior criminal history and the favorable treatment Sparks expected to receive as a result of pleading guilty and cooperating with the government. Any decision of whether to believe Sparks' responses was a question reserved to the jury.

Third, in his reply, Morgan claims that Partee's failure to renew the motion for severance at the end of the government's evidence forfeited both Morgan's right to renew the motion and the district court's opportunity to determine whether severance was necessary. The Eighth Circuit has rejected the rigid requirement that a defendant must renew his severance motion after the close of the government's case; instead, it considers

a defendant's actions in light of the purposes for requiring the motion's renewal. *United States v. Crumley*, 528 F.3d 1053, 1062 (8th Cir. 2008) (citing *United States v. Dobin,* 938 F.2d 867, 869 (8th Cir.1991)). The two purposes requiring renewal of a motion to sever are: (1) to show that the appealing party does not consent to the joinder, and (2) to give the trial court an opportunity to rule on the matter in its concrete form. *Id.* at 1062. However, a renewed motion for severance is unnecessary when the facts raised by a defendant in his pretrial motion do not materially differ from the facts admitted at trial. *Id.* Morgan has not pointed to any facts in his pretrial motion which materially differed from the facts admitted at trial, nor has he shown any reason why the motion, if renewed, would have been successful. Morgan failed to affirmatively demonstrate that his joint trial on drug charges with codefendants prejudiced his right to a fair trial. *See United States v. Brown,* 921 F.2d 785 (8th Cir. 1990).

Also in his reply, Morgan argues that Partee failed to ask the Court to instruct the jury on multiple conspiracies. [Doc. # 8 at 4]. The Eighth Circuit held in *United States v. Ramon-Rodriguez* that jury instructions on single conspiracy versus multiple conspiracy were not warranted when 1) there were no allegations of separate drug conspiracies with separate purposes, separate activities, or separate locations, and 2) the evidence, which consistently described a conspiracy to deliver and distribute methamphetamine from California to Iowa, supported the government's single conspiracy theory. *United States v. Ramon-Rodriguez*, 492 F.3d 930 (8th Cir. 2007). Because Morgan provided no facts here which would support any need for a jury instruction on multiple conspiracy, he has failed to establish that Miller's performance was objectively deficient.

For the above reasons, Morgan's claim of ineffective assistance of counsel fails to rise to the level of a constitutional violation and must be denied.

### C. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the allegations cannot be accepted as true because they are conclusory allegations unsupported by specifics. *Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003); *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985). For the reasons stated above, Morgan's claims are all either inadequate, composed wholly of conclusory allegations, or non-cognizable under Section 2255, and thus an evidentiary hearing must be denied.

### D. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As stated above, Morgan has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

## III. Conclusion

Accordingly, it is hereby ORDERED that Luis Morgan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

s/ Nanette K. Laughrey
                                                                NANETTE K. LAUGHREY
                                                                 United States District Judge

Dated:  April 20, 2012
Jefferson City, Missouri